IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JABREE M. McCREADY<br>2532 West 7th Street<br>Chester, PA 19013<br><br>*Plaintiff*<br><br>v.<br><br>EDISON SCHOOLS, INC.<br>521 Fifth Avenue, 11th Floor<br>New York, NY 10175<br><br>and<br><br>CHESTER UPLAND SCHOOL DISTRICT<br>1720 Melrose Avenue<br>Chester, PA 19013<br><br>*Defendants* | Civil Action No. 2:08-cv-4954<br><br>FILED<br>DEC 18 2008<br>MICHAEL E. KUNZ, Clerk<br>By_____Dep. Clerk |

## AMENDED COMPLAINT

### PARTIES

1. Plaintiff, Jabree M. McCready, is an adult individual, born October 21, 1988, and currently residing at the address above-captioned.

2. Defendant, Edison Schools, Inc., is a corporation and/or business maintaining its principal office at the address above-captioned.

3. Defendant, Chester Upland School District, is local governmental agency pursuant to 42 Pa.C.S.A. §8541, *et seq.*, organized and existing under the laws of the Commonwealth of Pennsylvania, and having a regular place of business at the address above-captioned.

- 1 -

## STATEMENT OF JURISDICTION

4. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343(1), (3), (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to adjudicate state law claims.

## FACTS GIVING RISE TO CAUSE OF ACTION

5. On October 4, 2004 at approximately 1:00 p.m., Plaintiff was a tenth-grade student attending Chester High School in the Chester Upland School District, Chester County, Pennsylvania.

6. At the time and place aforesaid, Plaintiff was walking in a stairwell at the school when he was physically assaulted by another Chester High School student.

7. While Plaintiff was defending himself against the aforesaid assault, he struck a glass window with his right hand which caused the window to shatter and injure Plaintiff's right hand and arm.

8. Solely as a result of the aforesaid incident, Plaintiff sustained injuries to his right hand and arm including but not limited to open wounds with multiple tendon lacerations together with a severe shock to his nerves and nervous system, anxiety, and mental and emotional distress by reason of which he has been rendered sick, sore, lame, prostrate, and disordered and has been made to undergo great physical pain and mental anguish, as a result of which he has and will continue to experience pain and suffering, loss of enjoyment of life's pleasures, embarrassment and humiliation, and disfigurement.

9. As a further result of the aforesaid incident, Plaintiff sustained bodily injuries which

resulted in permanent loss of a bodily function and/or permanent disfigurement.

10. As a further result of the aforesaid incident, Plaintiff has been obliged to incur expenses in excess of $1,500.00 for medicines and medical attention in trying to treat and cure said injuries, and will be compelled to expend and/or incur additional sums for the same purposes for an indefinite time in the future.

11. As a further result of the aforesaid incident, Plaintiff was prevented from attending school and has been or may be prevented from engaging in employment and/or other duties, thereby suffering a loss of earnings and/or impairment of earning capacity which will continue for an indefinite time in the future.

12. As a further result of the aforesaid incident, Plaintiff has suffered or may suffer a loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which Plaintiff would have performed, not for income, but for the benefit of himself if he had not been injured.

<u>COUNT I</u>
**JABREE M. McCREADY v. EDISON SCHOOLS, INC.**
**(Negligence)**

13. Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

14. At all times material hereto, Defendant's acts and/or omissions were accomplished by Defendant and/or through Defendant's officers, agents, workers, representatives and/or employees who were then and there acting and/or failing to act within the scope and course of their agency and/or employment.

15. At all times material hereto, Defendant, individually, jointly and/or severally,

possessed, controlled, managed, supervised, operated and/or maintained the aforesaid premises of Chester High School, including but not limited to the stairwell and glass window referenced in ¶¶ 6 and 7, *supra*.

16. For a significant period of time prior to the subject assault, Defendant possessed actual or constructive notice that students in the school frequently were being assaulted by other students in the school.

17. For a significant period of time prior to the subject assault, Defendant possessed actual or constructive notice that the glass window in the subject stairwell posed an unreasonable danger and risk of harm to the school's students.

18. The aforesaid incident was caused by Defendant's negligence as follows:

    (a) Failing to properly control the premises and the students therein;

    (b) Failing to properly manage the premises and the students therein;

    (c) Failing to properly supervise the premises and the students therein;

    (d) Failing to provide adequate security for the premises and the students therein;

    (e) Failing to properly operate the school;

    (f) Failing to properly maintain the premises;

    (g) Failing to properly discipline students;

    (h) Allowing an improper glass window to exist and remain in the aforesaid stairwell;

    (i) Allowing a dangerous condition to exist and remain in the aforesaid stairwell for an unreasonable period of time;


(j) Failing to take precautionary measures to minimize the risk of harm to individuals such as Plaintiff;

(k) Failing to correct a dangerous condition of which Defendant knew and/or should have known; and

(l) Failing to give Plaintiff the proper and adequate protection to which he was entitled.

19. As a result of Defendant's aforesaid negligence, Plaintiff sustained the injuries and incurred the damages set forth in ¶¶ 8-12, *supra*.

WHEREFORE, Plaintiff claims compensatory damages from Defendant, Edison Schools, Inc., individually, jointly and/or severally, together with such other relief as this Court may deem proper and just.

### COUNT II
### JABREE M. McCREADY v. EDISON SCHOOLS, INC.
(Punitive Damages)

20. Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

21. The aforesaid incident was caused by Defendant's conduct which was outrageous and exhibited a willful and wanton indifference to Plaintiff's rights and safety, including the following:

(a) Ignoring and/or acting with deliberate indifference to the health, safety and welfare of students such as Plaintiff;

(b) Failing to take timely and appropriate action to prevent the aforesaid assault and Plaintiff's injuries; and

(c) Maintaining and/or supporting policies and/or procedures of ignoring and/or acting with deliberate indifference to the health, safety and welfare of students such as Plaintiff.

WHEREFORE, Plaintiff claims punitive damages from Defendant, Edison Schools, Inc., individually, jointly and/or severally, together with such other relief as this Court may deem proper and just.

## COUNT III
### JABREE M. McCREADY v. EDISON SCHOOLS, INC.
#### (State Created Danger)

22. Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

23. Defendant acted willfully, deliberately, maliciously or with reckless disregard of Plaintiff's constitutional and statutory rights.

24. As a direct and proximate result of Defendant's conduct, committed under color of state law, Defendant deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States and Pennsylvania, including but not limited to 42 U.S.C. §1983 and the Fourteenth Amendment of the Constitution of the United States.

25. Defendant has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and/or customs and to the need for more or different training, supervision, investigation and/or discipline in the areas of:

(a) Controlling the school premises and the students therein;

(b) Managing the school premises and the students therein;

(c) Supervising the school premises and the students therein;

(d) Providing adequate security for the school premises and the students therein;

(e) Operating the school;

(f) Maintaining the school premises;

(g) Failing to properly discipline students;

(h) Allowing a pervasive atmosphere of violence to exist and remain on school premises;

(i) Allowing an improper glass window to exist and remain in the aforesaid stairwell;

(j) Allowing a dangerous condition to exist and remain in the aforesaid stairwell for an unreasonable period of time;

(k) Failing to take precautionary measures to minimize the risk of harm to individuals such as Plaintiff;

(l) Failing to correct a dangerous condition of which Defendant knew and/or should have known; and

(m) Failing to give Plaintiff the proper and adequate protection to which he was entitled.

WHEREFORE, Plaintiff claims damages from Defendant, Edison Schools, Inc., individually, jointly and/or severally, together with such other relief as this Court may deem proper and just.

### COUNT IV
### JABREE M. McCREADY v. CHESTER UPLAND SCHOOL DISTRICT
(Negligence)

26. Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

27. At all times material hereto, Defendant's acts and/or omissions were accomplished by Defendant and/or through Defendant's officers, agents, workers, representatives and/or employees who were then and there acting and/or failing to act within the scope and course of their agency and/or employment.

28. At all times material hereto, Defendant, individually, jointly and/or severally, possessed, controlled, managed, supervised, operated and/or maintained the aforesaid premises of Chester High School, including but not limited to the stairwell and glass window referenced in ¶¶ 6 and 7, *supra*.

29. For a significant period of time prior to the subject assault, Defendant possessed actual or constructive notice that the glass window in the subject stairwell posed an unreasonable danger and risk of harm to the school's students.

30. The aforesaid incident was caused by Defendant's negligence as follows:

(a) Failing to properly maintain the premises;

(b) Allowing an improper glass window to exist and remain in the aforesaid stairwell;

(c) Allowing a dangerous condition to exist and remain in the aforesaid stairwell for an unreasonable period of time;

(d) Failing to take precautionary measures to minimize the risk of harm to individuals such as Plaintiff;

(e) Failing to correct a dangerous condition of which Defendant knew and/or should have known;

(f) Failing to give Plaintiff the proper and adequate protection to which he was entitled; and

(g) Negligence in the care, custody and/or control of the school premises, resulting in the imposition of liability pursuant to 42 Pa.C.S.A. §8542(b)(3).

31. As a result of Defendant's aforesaid negligence, Plaintiff sustained the injuries and incurred the damages set forth in ¶¶ 8-12, *supra*.

32. On October 22, 2004, Plaintiff, through his attorney at the time, provided a written statement to Defendant pursuant to 42 Pa.C.S.A. §5522(a)(1). A true and correct copy of said written statement is attached hereto as **Exhibit A**.

33. Pursuant to 42 Pa.C.S.A. §5522(a)(3)(iii), Defendant had actual notice of the incident giving rise to Plaintiff's claim, as evidenced by the true and correct copy of the October 29, 2004 Chester Upland School District Serious Incident Report regarding the subject incident, attached hereto as **Exhibit B**.

WHEREFORE, Plaintiff claims compensatory damages from Defendant, Chester Upland School District, individually, jointly and/or severally, together with such other relief as this Court may deem proper and just.

## COUNT V
### JABREE M. McCREADY v. CHESTER UPLAND SCHOOL DISTRICT
**(State Created Danger)**

34. Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

35. Defendant, through its officers, agents, workers, representatives and/or employees, acted willfully, deliberately, maliciously or with reckless disregard of Plaintiff's constitutional

and statutory rights.

36. As a direct and proximate result of Defendant's conduct, committed under color of state law, Defendant deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States and Pennsylvania, including but not limited to 42 U.S.C. §1983 and the Fourteenth Amendment of the Constitution of the United States.

37. Defendant has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and/or customs and to the need for more or different training, supervision, investigation and/or discipline in the areas of:

    (a) Controlling the school premises and the students therein;

    (b) Managing the school premises and the students therein;

    (c) Supervising the school premises and the students therein;

    (d) Providing adequate security for the school premises and the students therein;

    (d) Operating the school;

    (e) Maintaining the school premises;

    (f) Failing to properly discipline students;

    (h) Allowing a pervasive atmosphere of violence to exist and remain on school premises;

    (i) Allowing an improper glass window to exist and remain in the aforesaid stairwell;

    (j) Allowing a dangerous condition to exist and remain in the aforesaid stairwell for an unreasonable period of time;

(k) Failing to take precautionary measures to minimize the risk of harm to individuals such as Plaintiff;

(l) Failing to correct a dangerous condition of which Defendant knew and/or should have known; and

(m) Failing to give Plaintiff the proper and adequate protection to which he was entitled.

WHEREFORE, Plaintiff claims damages from Defendant, Chester Upland School District, individually, jointly and/or severally, together with such other relief as this Court may deem proper and just.

DATE: December 18, 2008

_____
Richard M. Wiener, Esquire
Attorney I.D. No. 68041
Law Offices of Richard M. Wiener, LLC
Eight Tower Bridge, Suite 400
161 Washington Street
Conshohocken, PA 19428
(610) 832-8050
rwiener@wienerlegal.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff demands a jury trial as to all issues herein.

LAW OFFICES OF RICHARD M. WIENER, LLC

BY: _____
RICHARD M. WIENER, ESQUIRE
Attorney for Plaintiff

FILED
DEC 18 2008
MICHAEL E. ___
By ___ Dep. Clerk

October 22, 2004

Chester-Upland School District
1720 Melrose Avenue
Chester, Pennsylvania 19013-5897

Re:     Student: Jabree M. McCready
        Parents: Mr. and Mrs. Donald McCready
        Date of Incident: October 4, 2004

To Whom It May Concern:

In accordance with 42 PA C.S.A. §5522, this letter comes to put you on notice that I represent Mr. and Mrs. Donald McCready and Jabree McCready, a minor, with regards to the above captioned matter.

I.  The name of defendant-student is unknown.

ii. The injured person is Jabree McCready, 1708 Lily Avenue, Chester, PA 19013.

iii. The accident occurred in the location of the second floor stairwell vicinity at Chester High School, on October 4, 2004, at approximately 1:00 p.m.

iv. The attending surgeon is Rebecca Witham, M.D., at Crozer Hospital. He underwent emergency hand surgery and will have permanent injuries and potential loss of use of some fingers and/or his hand.

                                        Sincerely yours,


CJB/cr                                  CHERYL J. BAFFA
cc: M. Shannon Gosnell, Esquire



EXHIBIT A

# CHESTER UPLAND SCHOOL DISTRICT

## SERIOUS INCIDENT REPORT — Revised Copy

| # | Field | Value |
|---|---|---|
| 01. | Student(s) Involved: | Jabree McKinzie McCready |
| 02. | School: | Chester High School |
| 03. | Grade: | 10 — DOB/Age: 10/21/88 |
| 04. | Students' Program: | |
| 05. | Address: | 1708 Lilley Ave. |
| 06. | Parent(s) Name: | Carolyn McCready |
| 07. | Parent Address: | Phone Number: (484) 345-6756 |
| 08. | Incident: | Punched his hand through glass window — Date/Time Occurred: 10/4/04 |
| 09. | Reporting Person: | Mr. Matthews — Position: Security Officer — Date/Time Reported: 1:15 |
| 10. | Place of Occurrence: | 1st Floor C-Side Creek Stairwell — 1:20 |
| 10. | Employee(s) involved: | N/A |
| 11. | Police Contact: | N/A |
| 12. | Describe the Incident: | Student severly damaged hand by punching the glass plated window on the first floor C-side, creek stairwell. Student stated he had a fight with unknown student and accidentally hit the window. |
| 13. | Nature of Incident: | The nature of the incident is very serious. The incident is still under investigation and pending prospective witness to come forward with additional information. |
| 4. | Parent Contact: | yes ( x )   no ( ) |
| 5. | Action Taken: | Ambulance contacted. Student was escorted from school by ambulance to appropriate care facility. |
| 6. | Follow-Up Required:( What? By Whom?) | Yes, investigation currently in process. |
| 7. | Central Office Notified (Person/Date/Time) | Mr. Robert Crawford's office |

All serious incidents must be reported to the Assistant to the Superintendent by phone immediately. The written report must be hand delivered by the end of the workday. Aggravated assault by staff/student, weapons, injury requiring medical attention, fires in the building, or other incidents that disrupt the operation of the school must be reported.

Date Submitted: 10/29/04

Principal/ Assistant Principal of School

---

**FOR ASSISTANT SUPERINTENDENT USE ONLY**   Date Faxed: _____

Referred to Ms. Miller for Board Hearing   Yes ☐   No ☐

/17/00

EXHIBIT B