```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JABREE M. McCREADY              :        CIVIL ACTION
                                :
         v.                     :
                                :
EDISON SCHOOLS, INC., et al.    :        NO. 08-4954
```

MEMORANDUM

Bartle, C.J.                                        March 26, 2009

Plaintiff Jabree McCready has sued defendants Chester Upland School District and EdisonLearning, Inc.[1] ("Edison") for personal injuries he sustained while a student at Chester High School. McCready brought both a state law negligence claim and a federal claim under 28 U.S.C. § 1983 against each defendant. The court granted the unopposed motion of Chester Upland School District to dismiss the § 1983 claim brought against it. Now before the court is the motion of Edison, a private company which operated Chester High School, to dismiss McCready's claim for punitive damages.[2] McCready does not seek punitive damages against Chester Upland School District.

---

1. Although the caption in this action labels the defendant as "Edison Schools, Inc.," in its own submissions to the court the defendant calls itself "EdisonLearning, Inc." See, e.g., Br. of Def. at 1.

2. Although plaintiff has labeled his request for punitive damages as "Count II" of the amended complaint, "[a] request for punitive damages does not constitute a cause of action in and of itself." Stroud v. Abington Memorial Hosp., 546 F. Supp. 2d 238, 258 (E.D. Pa. 2008). Nevertheless, defendant may move to dismiss the portion of plaintiff's claim that seeks punitive damages.

For present purposes, we accept as true the following facts as stated by the plaintiff in his amended complaint. See Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). In 2004, plaintiff Jabree McCready was a tenth grade student at Chester High School in the Chester Upland School District. On October 4, 2004, McCready was walking in a school stairwell when an unknown fellow student assaulted him. While attempting to defend himself, McCready's right hand hit and shattered a nearby glass window causing him multiple tendon lacerations. He has suffered permanent injuries as a result of the incident. In addition to the claims McCready has brought under § 1983 and for negligence, he has also brought a separate "claim" for punitive damages.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the defendant bears the burden of showing that the plaintiff has stated no claim upon which relief may be granted. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). To avoid dismissal, the plaintiff must state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element[s]" of the cause of action. Phillips, 515 F.3d at 234 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

In Pennsylvania, the standard governing the award of punitive damages is well settled. "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the

-2-

rights of others."  Hutchison ex rel. Hutchison v. Luddy, 870 A. 2d 766, 770 (Pa. 2005).  Additionally, "[t]he state of mind of the actor is vital.  The act, or the failure to act, must be intentional, reckless or malicious."  Id.

        Without passing judgment on whether the facts support McCready's § 1983 or negligence claims, we conclude that exposing McCready to a risk of injury by other students and/or faulty windowpanes through a failure to act is not the kind of outrageous conduct punitive damages were designed to deter.  This is so even if school officials were on notice that students had been getting in fights or that the windows needed replacement.  Such notice simply does not transform a failure to act into evil motive or reckless indifference to the rights of others.

        Accordingly, we conclude that McCready has not alleged sufficient facts to reach a jury on the issue of punitive damages and we will grant Edison's motion to dismiss that part of the claim.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JABREE M. McCREADY              :       CIVIL ACTION
                                :
         v.                     :
                                :
EDISON SCHOOLS, INC., et al.    :       NO. 08-4954
```

ORDER

   AND NOW, this 26th day of March, 2009, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of defendant Edison Schools, Inc. to dismiss Count II of the Amended Complaint for punitive damages (Doc. #8) is GRANTED.

                BY THE COURT:


                /s/ Harvey Bartle III
                               C.J.